| | |
|---|---|
| Janice Barnwell *and* C. Napoleon Brown Barnwell,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>The Bank of New York, *Trust Under Agreement, dated 12/1/01 (EQCC Trust 2001-2)*,  )<br>)<br>Defendant.  )<br>_____)  | Civil Action No. 9:17-2709-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the complaint without service of process for lack of subject-matter jurisdiction. For the reasons set forth below, the Court declines to adopt the Report and Recommendation and recommits this matter to the Magistrate Judge for further proceedings with instructions to enter a proper form order.

**I.    Background**

The Bank of New York filed a complaint on October 19, 2005, against Janice Barnwell, Nell Barnwell Hay, and Edward Barnwell, Jr. in the Beaufort County Court of Common Pleas, seeking foreclosure of real property located in Beaufort County, South Carolina, known as Lot 15 of the Estate of Ben W. White, located at Hilton Head, South Carolina. *Bank of N.Y. v. Hay*, 2005-CP-07-2040 (S.C.C.C.P). Plaintiffs allege that, at the time, the real property was jointly owned by three heirs of Ben W. White: 1) Janice Barnwell, 2) Nell Barnwell Hay, and 3) Edward Barnwell, Jr. The matter was referred to the Beaufort County Master-in-Equity on June 21, 2006. During the pendency of the foreclosure action, by consent of the parties, the state court partitioned the real

property, and the Bank of New York proceeded to foreclose only on that section of real property titled solely to Janice Barnwell after the partition.

On June 24, 2014, the state court entered a judgement of foreclosure and sale against Janice Barnwell, finding that the Bank of New York was entitled to foreclose on the property titled to Janice Barnwell. Janice Barnwell was served with written notice of the entry of judgement on July 1, 2014, and the property was sold at foreclosure auction to Nell Barnwell Hay and Edward Barnwell, Jr. on October 6, 2014. On October 23, 2014, the state court entered a master's deed transferring title to the property to Nell Barnwell Hay and Edward Barnwell, Jr. On February 25, 2015 (after the sale), Janice Barnwell moved the state court to dismiss the foreclosure actions for lack of subject-matter jurisdiction. That motion was denied on May 7, 2015, and Janice Barnwell's motion to reconsider was denied on August 12, 2015.

On October 6, 2017, Janice Barnwell and C. Napoleon Brown Barnwell filed the present federal action. They proceed *pro se* with full payment of fees. Plaintiffs allege that in January 2013, Janice Barnwell and Nell Barnwell Hay deeded their respective ownership interests in the property by quitclaim deeds to C. Napoleon Brown Barnwell. According to Plaintiffs, the Bank of New York failed to provide C. Napoleon Brown Barnwell with a written notice of the foreclosure action, which Plaintiffs assert is a due process violation, and the foreclosure was unlawful because of the lack of notice and because the assignment of the mortgage to the Bank of New York was invalid, depriving the Bank of New York of standing to foreclose. The complaint acknowledges that Janice Barnwell did receive prior written notice of the foreclosure.

Plaintiffs assert a federal cause of action under § 1983, for due process violations by Bank of New York, and state-law claims for "unlawful foreclosure," conversion, negligence, and "punitive damages." The complaint asserts federal question jurisdiction over the § 1983 claim and

supplemental jurisdiction over the state-law claims. Plaintiffs do not assert diversity jurisdiction. Plaintiffs allege that Janice Barnwell is a South Carolina resident and C. Napoleon Brown Barnwell is a Georgia resident and that the Bank of New York is a South Carolina corporation (although no South Carolina corporation with "Bank of New York" in its name is registered with the Secretary of State).

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

The Court finds that the present suit is unlikely to survive a motion to dismiss. The Court, however, cannot agree with the recommendation of the Magistrate Judge that this fee-paid suit should be dismissed *sua sponte*. The Magistrate Judge recommends summary dismissal for lack

of subject-matter jurisdiction. Lack of subject-matter jurisdiction may be raised at any time and may be raised *sua sponte*. The Magistrate Judge recommends that this Court lacks jurisdiction because diversity jurisdiction is not alleged and because the only federal claim, a § 1983 claim, is essentially a federal law defense to the state foreclosure proceedings. In support of that recommendation, the Magistrate Judge cites many cases of this Court and other courts in the Fourth Circuit, in which subject-matter jurisdiction over state foreclosure proceedings was held absent. (See Dkt. No. 6 at 5.)

The Supreme Court, however, has held a debt collector who acts jointly with state officials to seize property under a procedural scheme created by state law, is a state actor, and may, in some circumstances, be subject to suit under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941–42 (1982). The *Lugar* decision shows that federal question jurisdiction exists over § 1983 claims against debt collectors who seize property with the assistance of state actors. *See id.* at 934. Thus, this Court has subject-matter jurisdiction over Plaintiff's § 1983 claim in this case. The cases cited in the Report and Recommendation for the proposition that subject-matter jurisdiction is lacking when the dispute arises from a foreclosure action involved either the removal of foreclosure actions filed in state court by noteholders (who of course filed no federal claims) or attempts to restrain pending state-court foreclosure proceedings, not a § 1983 claim first filed in federal court exactly three years after the foreclosure sale. *E.g.*, *Deutsche Bank Nat'l Trust Co. v. Elmore*, Case No. 2:15-cv-4560-DCN-BM (D.S.C. Jan. 20, 2016) (remanding foreclosure action); *Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit*, No. 3:13-cv-147–FDW, 2014 WL 526105 (W.D.N.C. Feb. 7, 2014) (dismissing action to restrain foreclosure proceedings); *Nat'l Trust Co. v. Lovett*, No. 3:12-1819-JFA, 2013 WL 528759 (D.S.C. Feb. 11, 2013) (remanding foreclosure action); *Jennifer Belter Formichella, PLLC v. Fisher*, No. 1:12-cv-85, 2012 WL 2501110 (W.D.N.C. June

28, 2012) (remanding foreclosure action); *MacFadyen v. Smith*, No. WDQ-10-2802, 2011 WL 1740583 (D. Md. 2011) (remanding foreclosure action); *Burbage v. Richburg*, 417 F. Supp.2d 746, 749 (D.S.C. 2006) (remanding foreclosure action); *Brumby v. Deutsche Bank Nat'l Trust Co.*, No. 1:09-cv-144, 2010 WL 617368 (M.D.N.C. 2010), *adopted by*, 2010 WL 3219353 (M.D.N.C. Aug. 13, 2010) (dismissing action to enjoin foreclosure proceedings); *Arnold v. Waterfield Mortgage Co.*, 966 F. Supp. 387, 389 (D. Md. 1996) (stating in passing, when granting summary judgment, that federal courts should refrain from interfering in state foreclosure proceedings, citing a 1973 District of Maryland case that involved an attempt to enjoin foreclosure proceedings).

To be sure, the *Rooker-Feldman* doctrine may bar Plaintiff's claims, as they appear to be inextricably intertwined with questions ruled upon in state court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Under the *Rooker-Feldman* doctrine, the plaintiff must instead seek review of the state-court decision through the state's appellate courts and then the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). But that is a preclusion issue, not a jurisdictional issue. *Id.* at 292–93. This Court recognizes that other courts have often held the *Rooker-Feldman* doctrine, where it applies, deprives federal district courts of jurisdiction. *E.g.*, *Pettis*, 2014 WL 526105, *3 ("[U]nder the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts."). In this Court's view, however, the Supreme Court's decision in *Exxon Mobil* makes clear that the issue is not jurisdictional:

> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

544 U.S. at 293.

The existence of federal question jurisdiction provides supplemental jurisdiction over the complaint's state law claims, which arise from the same transaction as the federal question. *See* 28 U.S.C. § 1367. Further, the Court notes diversity jurisdiction appears to be present here, because, as stated below, the Bank of New York appears to be a New York corporation, even if that fact is not known to the *pro se* Plaintiffs. The complaint's allegation that the Bank of New York is a South Carolina corporation is a defect best corrected with an amended pleading.

The Court therefore concludes that the complaint should not be dismissed *sua sponte* for lack of subject-matter jurisdiction. Other bases for *sua sponte* dismissal before service are failure to prosecute or to comply with court orders (not applicable in this case), and frivolousness. The Court can dismiss a frivolous suit *sua sponte*, but it cannot dismiss a fee-paid suit *sua sponte* merely for failure to state a claim. *See Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). A frivolous complaint, as opposed to one that merely fails to state a claim, is a complaint that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, it is a complaint that relies on "fanciful" factual allegations or "inarguable" legal conclusions. *Id.*

As noted above, the Supreme Court has held a debt collector who acts jointly with state officials to seize property under state law may be subject to suit under § 1983 in certain circumstances. *Lugar*, 457 U.S. at 941–42. To be sure, that holding has a critical qualification: allegations that a private actor only misused or abused a state procedural scheme are insufficient to state a claim under § 1983. *Id.* at 942. A § 1983 challenge to private debt collection action, in other words, must allege either unconstitutional action by a state actor involved the property seizure, or assert a constitutional infirmity in the state laws under which the private defendant acted. *See id.* at 942. Further, under the *Rooker-Feldman* doctrine, a plaintiff cannot collaterally

attack an adverse state judicial determination by alleging it to be an unconstitutional action by a state actor. While it appears very unlikely that Plaintiffs can state a claim against the Bank of New York under § 1983, the point is not inarguable, given that the Supreme Court has held private debt collectors may be subject to suit under § 1983 in certain circumstances. The Court is dubious of Plaintiffs' likelihood of success because it appears highly unlikely those circumstances are present in this case. That is insufficient to dismiss the complaint *sua sponte* as frivolous.

Of course, it is highly likely that *res judicata* bars Plaintiff's state-law claims. Issues like notice to owners, validity of the assignment of the mortgage to Defendant, and Defendant's standing to foreclose appear to have been fully litigated in extensive state court proceedings. That, however, is an affirmative defense for Defendant to raise. *See Arizona v. California*, 530 U.S. 392, 410 (2000). Affirmative defenses in some circumstances may be raised on a motion to dismiss, but courts generally do not raise them *sua sponte* before service of the complaint. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654 (4th Cir. 2006). *Res judiciata*, however, may be raised *sua sponte* in "special circumstances" where the court is "on notice" that an issue presented has been previously decided. *Arizona*, 530 U.S. at 412. Here, the Court strongly suspects the state-law issues presented have been previously decided, but to be "on notice" that they were, the Court would need to review the state-court proceedings. That task is best left to defense counsel.

Finally, the Court takes notice that the only entity with "Bank of New York" in its name registered with the South Carolina Secretary of State is Dollar Savings Bank of New York. The Court also takes notice that entity was liquidated by federal regulators in 2004. Plaintiffs apparently mean to name The Bank of New York Mellon as the Defendant in this case (the only entity with "Bank of New York" registered with the New York Department of State). That bank cannot be served by mail to the South Carolina Secretary of State. On recommitment, the

Magistrate Judge will enter a proper form order requiring Plaintiffs to confirm the identity of Defendant and to provide a corrected proposed service document.

## IV. Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 6), and **RECOMMITS** this matter to the Magistrate Judge for entry of a proper form order and further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 25, 2017
Charleston, South Carolina