IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Janice Barnwell *and* C. Napoleon Brown Barnwell,<br><br>Plaintiff,<br><br>v.<br><br>The Bank of New York, *trust under agreement dated 12/1/01 (EQCC Trst 2001-2)*<br><br>Defendant. | Civil Action No. 9:17-2709-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the complaint be dismissed without prejudice for failure to prosecute. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, and dismisses this action without prejudice.

**I.  Discussion**

Plaintiffs, proceeding *pro se*, filed this action on October 6, 2017, alleging that they have an ownership interest in a parcel of real property and that the foreclosure action against that real property amounted to a deprivation of due process in violation of 42 U.S.C. § 1983. The Court issued a proper form order and special interrogatories to Plaintiffs on October 27, 2017. (Dkt. Nos. 11 & 12.) Plaintiffs' original filing named "The Bank of New York" as Defendant and proposed service through the South Carolina Secretary of State, but no such entity is registered with the South Carolina Secretary of State. The proper form order required Plaintiffs to identify a proper Defendant and to provide corresponding service forms. Plaintiffs failed to respond to the proper form order and they failed to respond to the special interrogatories by the deadline of November 17, 2017. On January 8, 2018, the Magistrate Judge recommended dismissal without

prejudice for failure to prosecute and failure to comply with the orders of the Court. Plaintiffs did not file any objections to the Report and Recommendation. Plaintiffs have not communicated with the Court filing this action on October 6, 2017.

The Magistrate Judge recommends dismissal without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, which allows dismissal if "the plaintiff fails to prosecute or to comply with these rules or a court order." Plaintiffs certainly have failed to prosecute this matter and they have failed to comply with the orders of the Court. Dismissal without prejudice is appropriate in this case because the unserved Defendant has not been prejudiced in any way. *See Chandler Leasing Corp. v. Lopez*, 669 F.22d 919, 920 (4th Cir. 1982).

Because Defendant has never been served, however, the Court considers Rule 4(m) a more appropriate basis for dismissal without prejudice. Rule 4(m) requires a complaint to be served within ninety days of filing. Plaintiffs' time for service expired on January 4, 2018. The Report and Recommendation, entered on January 8, 2018, provided the notice to Plaintiffs required by Rule 4(m) that the action might be dismissed if not brought into proper form including, *inter alia*, effective service forms. Rule 4(m) is a better basis for dismissal than Rule 41(b) because Rule 4(m) specifically addresses failure to effect proper service within a time limit, while Rule 41(b) is a more general catchall provision. *See RadLax Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (holding the "general/specific canon" applies where "a general authorization and a more limited, specific authorization exist side-by-side").

The Court therefore declines to adopt the recommendation that the Court dismiss this action without prejudice under Rule 41(b) and instead dismisses this action without prejudice under Rule 4(m) for failure to serve within the required time. The Report and Recommendation is otherwise adopted in full.

## II. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 15) and **DISMISSES WITHOUT PREJUDICE** the complaint.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 25, 2018
Charleston, South Carolina